812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judy K. VAN SCYOC, Plaintiff-Appellant,
v.
MICHIGAN BELL TELEPHONE CO., Defendant-Appellee.
 No. 86-1038.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1987.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case involves an ex-employee's claim that the defendant wrongly failed to reinstate her to her former job after a maternity leave. Plaintiff sued in federal district court under the Employee Retirement Income Security Act (ERISA), section 1132(a)(1)(B) and (e)(1). At the conclusion of discovery, the court granted the defendant-employer's motion for summary judgment. Plaintiff appeals and seeks reversal of that order. The issue is whether a genuine issue of material fact exists so that granting of summary judgment was inappropriate. Finding no genuine issue of material fact, we AFFIRM the judgment below.
 
 
 2
 Van Scyoc worked for Michigan Bell Telephone Co. from January 1968 until she took a maternity leave of absence in November 1978. She was a member of the Communications Workers of America, which had negotiated a "Maternity Payment Plan Agreement" with the defendant, effective August 7, 1977.
 
 The Plan is subject to ERISA and provided:
 LEAVE-OF-ABSENCE
 
 3
 A personal Leave-of-Absence for maternity reasons shall be granted for a period not to extend beyond 6 weeks following delivery. The starting date of Leave to be at a time mutually agreeable to the employee and her physician with the concurrence of the Company Medical Director. A separate Leave-of-Absence for purposes of child care may also be granted. The maximum period on leave for maternity reasons and child care shall not exceed 12 months.
 
 It further provided:
 REINSTATEMENT
 
 4
 Reinstatement to the former job or one of like status and pay shall be guaranteed to the employee who applies while on Leave-of-Absence for maternity or child care up to the end of six months following delivery. If reinstatement is requested after the guarantee period, the Company will endeavor to reinstate the employee.
 
 
 5
 The Plan provided a procedure to obtain benefits: "In order to receive Maternity Payment Plan Benefits, you must complete the appropriate application form and also provide a Certificate of Delivery to the Employees' Benefit Committee."
 
 
 6
 Van Scyoc went on an approved leave of absence for pregnancy in November, 1978. She testified as follows in respect to a discussion with the Union district secretary about her benefits under the Plan:
 
 
 7
 They told me I was entitled to six weeks' pay, full pay, which would be 42 days or something, at six weeks is the way they figured it. I would be entitled to request a leave for six months. If I felt I wanted more than six months, I would have to get an extension of the leave for extended child care, and it was considered. They told me what I was entitled to as far as my benefit for how long, employee discount, medical or whatever.
 
 
 8
 ....
 
 
 9
 He just told me--he told me I had to go get a doctor's statement when the birth was expected. They needed that. And then just the regular forms that I had to fill out for benefits for the leave that I had to sign. (emphasis added).
 
 
 10
 Under the Plan, an employee could ask for an additional benefit--a separate leave of absence for child care for "up to a combined maximum of 12 months for both leaves." To receive the additional leave, however, the employee was required to file a separate application, subject to company approval. Van Scyoc does not deny this written requirement, nor does she deny that she failed to file a timely separate application.
 
 
 11
 Though Van Scyoc applied for the six week maternity leave of absence, she did not reapply for the extended benefits. Van Scyoc was not reinstated "[d]ue to the failure of Plaintiff to contact her supervisor at the expiration of her approved leave of absence and her failure to request any additional leave of absence, the Plaintiff was considered to have voluntarily resigned her position with Defendant." Van Scyoc alleges that when she called to make arrangements to return to work near the end of what she believed to be a six month leave, the defendant told her "we can no longer use you". Plaintiff's complaint alleges that she has been arbitrarily and capriciously denied benefits due her under the terms of the Plan. Jurisdiction is proper under ERISA, 29 U.S.C. Sec. 1132(a)(1)(B) & (e)(1) (1985).
 
 
 12
 After discovery was completed, defendant filed a motion for summary judgment, which was granted; Van Scyoc moved for reconsideration of this order and the motion was denied. Van Scyoc argues, first, "that between the summary plan description and the statements of her supervisors at MICHIGAN BELL, she was led to believe she had done everything necessary to preserve her right of reinstatement." She asserts that the Plan's summary "did not warn her that the right of reinstatement after a pregnancy leave depended on her asking for a child care extension."[1] Second, she alleges that a supervisor misled her into believing that her pregnancy leave "would be for six months." Defendant responds that accepting the plaintiff's interpretation would, in effect, provide employees, medically able to return to work, the right to remain off the Defendant's payroll for up to six months without accounting for their absence, while still affording that employee a guarantee of reinstatement. The defendant maintains that the clear meaning of the plan and its summary does not support such an interpretation.
 
 
 13
 Van Scyoc maintains that the defendant did not make it clear to employees by the summary plan description that one must apply for a child care extension to preserve the right of reinstatement, and thus the defendant may be estopped from relying on her failure to do so.
 
 
 14
 The material facts in this case are essentially undisputed. Plaintiff fails to point to any circumstance in which the trial judge had to weigh conflicting evidence or had to choose between factual allegations in reaching a legal decision that plaintiff failed to comply with the Plan's requirements. Summary judgment was appropriate under Fed.R.Civ.P. 56(c). There are no facts that would support a finding of arbitrary or capricious action by the defendant under these circumstances.
 
 
 15
 The application form, signed and acknowledged on appeal by Van Sycoc, clearly states that an employee must seek an additional leave of absence (in addition to the six-week maternity leave) before the defendant is required to reserve a job for the employee. Van Scyoc indisputably did not seek an additional leave of absence. Van Scyoc's own testimony is not to the contrary; she knew she "would be entitled to request a leave for six months." She simply failed, unfortunately, to make a timely request.
 
 
 16
 Van Scyoc has attempted to raise the issue that she was misled by her unsubstantiated testimony that a supervisor told her, prior to her original maternity leave of absence, that she had six months' leave. We do not believe this assertion creates a genuine issue of material fact.
 
 
 17
 A careful reading of Van Scyoc's testimony demonstrates that it does not raise a material issue. First, she talked to someone at the defendant's benefit office to see how to get the six months pay, and was told she was entitled to six weeks' pay, and that she could also "request a leave for six months." This statement does not set forth any basis for a claimed estoppel or an admission by a party opponent. Furthermore, Van Scyoc does not identify any person in authority that may have led her to believe she had six months leave, contrary to the plain terms of the plan and what she was told at defendant's benefit office. She admits she was told to fill out necessary forms referred to in the plan and the summary. Carol DelFrade's alleged statement, according to Van Scyoc, was that she "was entitled to a leave"--a leave of--"six months, six weeks' pay." This is an insufficient basis upon which to sustain plaintiff's contentions.
 
 
 18
 The only logical inference about what DelFrade told Van Scyoc was what the plan itself provided: six weeks' pay, with leave available for up to six months. Van Scyoc does not assert that she was told that all she had to do to get the six months' leave was file once for the six weeks' pay. The clear evidence is to the contrary: Van Scyoc was undeniably informed that she had to apply for an extended child care leave of up to six months, and she failed to do it. The form Van Scyoc signed sets out: "Period of Leave Requested From Nov. 2, 1978 through the Forty-Second Calendar Day Following Delivery ". (emphasis added).
 
 
 19
 To qualify for Rule 801(d)(2) non-hearsay treatment, furthermore, the supervisor's alleged statement must be shown to have been made "by a person authorized by him [Michigan Bell] to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment,...." Fed.R.Evid. 801(d)(2). There is no evidence that any supervisor's statement was made in the scope of his or her particular responsibility as an agent. There is no evidence presented nor is there any showing that Ms. DelFrade had any authority to speak for Michigan Bell regarding leave of absences. Van Scyoc does not even allege that she had this authority. See, e.g., United States v. Jones, 766 F.2d 412, 415 (9th Cir.1985). The statement could only arguably be interpreted, in any event, to support plaintiff's contention.
 
 
 20
 The court, in ruling on a motion for summary judgment, is to consider only admissible evidence. See 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 2721, at 40 (2d ed. 1983). We doubt that the statement relied upon by plaintiff is admissible under any exception to the hearsay rule, but even if admissible, it is insufficient.
 
 
 21
 We conclude, in summary, that a genuine issue of material fact on the question whether Van Scyoc was misled by defendant has not been demonstrated, and we have given the plaintiff the benefit of every reasonable inference to be drawn from her own testimony, from what she admits she was told, and from all the documentary evidence.
 
 
 22
 We accordingly AFFIRM the judgment.
 
 
 
 [1]
 The Plan summary description itself says that "[a] separate Leave-of-Absence for purposes of child care may also be granted"--in addition to the maternity leave of absence. See Plan, ("Leave-of-Absence"). The summary also directly states that "Reinstatement to the former job or one of like status and pay shall be guaranteed to the employee who applies while on Leave-of-Absence for maternity or child care up to the end of six months following delivery." (emphasis added)